█ KAYSER-ROTH CORPORATION, Respondent, v. GRAYSON-ROBINSON STORES, INC., Appellant.— Judgment in favor of plaintiff for $310,117.69, and order granting plaintiff partial summary judgment in action to recover for goods sold and delivered, unanimously modified, in the exercise of discretion, to provide that the striking and dismissing of the second counterclaim shall be without prejudice to the bringing of an action thereon and for supplemental claims of the nature described in the third counterclaim, if defendant is so advised, with costs to plaintiff-respondent. The second and third counterclaims, as defendant would amend them, are based on alleged markdowns accruing either after material breach by defendant for nonpayment of goods sold and delivered or after this action was commenced. As such, even if proven, they were not offsets at the time when payments were due plaintiff, and for the most part were not offsets when the action was commenced. Certainly, defendants were deficient in their proof in establishing the right to such offsets as of the time the action was commenced, and their theory as to most would at best support a supplemental pleading rather than an amendment. In any event, defendant failed to establish a right to markdowns, there being no averment of several agreements to the several markdowns, according to the usage alleged by defendant, or of efforts to negotiate such agreements. Nevertheless, it may be that, on some theory, or evidence not now presented, defendant may be entitled to such markdowns. Under these circumstances the motion for leave to amend was properly denied, and the counterclaims were properly stricken. Nor would it make any difference in the exercise of discretion, if defendant had moved to serve a supplemental pleading to embrace the claims arising after action commenced. However, it may be that in another action, or in the stockholders' derivative action pending on behalf of defendant, relevant proof may be elicited. In this complicated arrangement between the parties, one should hesitate before barring defendant, now under a new management, from all relief forevermore, merely because it now lacks sufficient evidence to support its position. For that reason, in the exercise of discretion, the dismissal of the second counterclaim and the aborted effort to interpose the supplemental claim should be without prejudice, the failure being one of proof (cf. Civ. Prac. Act, § 482). On this record, as a matter of law, plaintiff is entitled to recover for merchandise sold

and delivered, no issue of fact having been established. Neither the claim of overcharges nor the fact of damages flowing from overcharges was proven. The cross motion to examine a witness was properly denied (*North Country Shopping Center* v. *Sears, Roebuck & Co.*, 17 A D 2d 943). Concur — Botein, P. J., Breitel, Eager and Steuer, JJ.